# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE GEORGE GREER, | CASE NO. 16cv1277-WQH-PCL |
| Plaintiff, | ORDER |
| vs. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation (ECF No. 23) issued by the United States Magistrate Judge, recommending that the Court deny Plaintiff's Motion for Summary Judgment (ECF No. 17) and grant Defendant's Cross-Motion for Summary Judgment (ECF No. 20, 21).

## BACKGROUND

On October 12, 2010, Plaintiff filed an application for disability insurance benefits alleging an onset date of August 11, 2009. The ALJ held a hearing taking testimony from Dr. Brovender, a non-treating physician, and a vocational expert.

On August 28, 2012, the ALJ issued a decision denying Plaintiff's application for benefits and finding Plaintiff not disabled from the alleged onset date through September 30, 2009, her date last insured. Plaintiff appealed the decision to the Appeals Council. The Appeals Council vacated the decision of the ALJ and remanded back to the ALJ for resolution. The Appeals Council instructed the ALJ in part to give further consideration to the non-treating source opinion and explain the weight given

to the evidence.

A second hearing was conducted before a second ALJ who issued a decision on September 29, 2014 finding Plaintiff not disabled. Dr. Brovender testified at the second hearing as a non-examining physician. The ALJ found that Plaintiff had not engaged in substantial gainful activity from August 11, 2009, through September 30, 2009, her last date insured. The ALJ found that Plaintiff has the following severe impairments: left ankle sprain and strain. The ALJ found that Plaintiff did not have any impairment or combination of impairments that would meet or medically equal any listed impairments. The ALJ found that Plaintiff retained the residual functional capacity to perform light and sedentary work with specific limitations. The ALJ concluded that Plaintiff was able to perform her past relevant work as a receptionist through September 30, 2009. The ALJ stated in part:

> Although Dr. Brovender may have provided some differing testimony at a prior hearing, clinical signs and findings do not support any listing level impairment or disabling impairment by the claimant's date last insured. The evidence is clear by diagnosis, exam findings and prescribed treatment that the claimant had no disabling impairment on or before September 30, 2009.

A.R. 19. After the Appeals Council denied Plaintiff's request for review, the decision of the ALJ became the final decision of Defendant.

Plaintiff timely filed a Complaint in this Court seeking judicial review of Defendant's decision.

On October 28, 2016, Plaintiff filed the Motion for Summary Judgment. (ECF No. 17). Plaintiff contends that the ALJ impermissibly rejected the opinion of Dr. Brovender at the first hearing that she met a listing for a closed period of time beginning August 1, 2009 through August 16, 2011. Plaintiff asserts that the Court should credit the opinion of Dr. Brovender, reverse the ALJ, and award benefits.

On December 14, 2016, Defendant filed the Cross-Motion for Summary Judgment. (ECF No. 20 and 21). Defendant contends that the ALJ gave specific reasons supported in the record with substantial evidence for rejecting the testimony of Dr. Brovender at the first hearing.

On August 4, 2017, the Magistrate Judge issued the Report and Recommendation. (ECF No. 23). The Magistrate Judge concluded that the ALJ gave specific reasons supported by clinical findings for rejecting the initial testimony of Dr. Brovender. The Magistrate Judge concluded that the decision of the ALJ that Plaintiff had the residual functional capacity to return to her work as a receptionist through her last date insured was supported by substantial evidence in the record.

On August 18, 2017, Plaintiff filed Objections to the Report and Recommendation. (ECF No. 24). Plaintiff contends that the ALJ failed to provide a reason for rejecting the opinion of Dr. Brovender in the first hearing that Plaintiff met or equaled the listing from September 30, 2009 until August 11, 2011. Plaintiff asserts that the Magistrate Judge incorrectly concluded that the decision of the ALJ was supported by substantial evidence and that she is entitled to an award of benefits for this closed period.

On August 29, 2017, Defendant filed a response to Plaintiff's Objection. (ECF No. 25).

**RULING OF THE COURT**

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district court must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b).

The Court has reviewed de novo those portions of the Report and Recommendation to which Plaintiff objected. After considering the ALJ's decision, the Administrative Record, and all pleading in this case, the Court finds that the Magistrate Judge correctly evaluated the facts and correctly applied the controlling law in this case. The Magistrate Judge reasonably concluded that the ALJ "was under no obligation to credit Dr. Brovender's first testimony as entirely true, find that Plaintiff's impairments

met or equaled a listing, and award benefits." (ECF No. 23 at 24). The decision of the ALJ that Plaintiff maintained the residual functional capacity to return to her work as a receptionist through her last date insured is supported by substantial evidence and is free from legal error.

IT IS HEREBY ORDERED that: (1) the Report and Recommendation (ECF No. 23) is ADOPTED in its entirety; (2) Plaintiff's Motion for Summary Judgment (ECF No. 17) is DENIED; and (3) Defendant's Cross-Motion for Summary Judgment (ECF No. 20, 21) is GRANTED. The Clerk of the Court shall enter judgment for Defendant and against Plaintiff.

DATED: September 11, 2017

**WILLIAM Q. HAYES**
United States District Judge